IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| AARON M. OLIVO, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:06CR239 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| AARON M. OLIVO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), filed by the defendant Aaron M. Olivo ("Olivo"). (Filing No. 91 in 8:05CR149 and Filing No. 24 in 8:06CR239.) Olivo filed a brief in support of his § 2255 motion. (Filing No. 92 in 8:05CR149 and Filing No. 25 in 8:06CR239.)

**Background**

On April 21, 2005, an indictment charged Olivo with violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). (Filing No. 1 in 8:05CR149.) On July 19, 2006, an indictment charged Olivo with violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). (Filing No. 1 in 8:06CR239.) On August 10, 2006, Olivo pled guilty to count one of the indictment in 8:05CR149 and count one of the indictment in 8:06CR239. (Filing No.

68 in 8:05CR149 and Filing No. 6 in 8:06CR239 (no hyperlinks available)).  The dates of the offenses took place on February 22, 2005, and May 24, 2006.  Olivo pled guilty in each case to being a felon in possession of a firearm.  Olivo was sentenced to prison for a term of 60 months on count one of the indictment in 8:05CR149 and 68 months on count one of the indictment in 8:06CR239, to be served consecutively.  Filing No. 69 in 8:05CR149 and Filing No. 17 in 8:06CR239.

### § 2255 Claim

Olivo claims that his

Fifth Amendment Constitutional Right "Double Jeopardy Clause" and Sixth Amendment Constitutional Right "Ineffective Assistance of Counsel" and "Coercion and Misleading of the Petitioner", in to (sic) pleading guilty to the same offense (twice) just under two (2) different case numbers and sentencing Mr. ARRON (sic) MICHEAL OLIVO to two (2) seperate (sic) terms of imprisonment.

(Filing No. 92 at 5 in 8:05CR149 and Filing No. 25 at 5 in 8:06CR239.)  Olivo requests that his sentence be vacated or that he is resentenced to a term of 60 months.  *Id.*

### Ineffective Assistance of Counsel

Claims of ineffective assistance of trial counsel are properly raised in proceedings under 28 U.S.C. § 2255.  *See,* e.g., *United States v. Smith,* 62 F.3d 1073, 1078 (8th Cir. 1995).  "A claim of ineffective assistance of counsel should normally not be part of a direct appeal but should be raised in collateral proceedings under 28 U.S.C. § 2255 because such a claim usually cannot be advanced without development of the record."  *Smith*, 62 F.3d at 1078.  *Accord United States v. Guzman-Landeros*, 207 F.3d 1034, 1034 (8th Cir. 2000); *United States v. Mitchell*, 136 F.3d 1192, 1193 (8th Cir. 1998).

The Sixth Amendment guarantees that an accused shall have "the Assistance of Counsel for his defence." *U.S. Const. amend. VI*.  "It follows from this that assistance which is ineffective in preserving fairness does not meet the constitutional mandate . . . and it also follows that defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002), *citing Strickland v. Washington*, 466 U.S. 668, 685-86 (1984).  *See also Bell v. Cone*, 535 U.S. 685, 695 (2002):

> We reasoned that there would be a sufficient indication that counsel's assistance was defective enough to undermine confidence in a proceeding's result if the defendant proved two things:  first, that counsel's "representation fell below an objective standard of reasonableness," [*Strickland*], 466 U.S., at 688 . . . ; and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*., at 694. . . .  Without proof of both deficient performance and prejudice to the defense, we concluded, it could not be said that the sentence or conviction "resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable," *id*., at 687 . . . , and the sentence or conviction should stand.

*Bell,* 535 U.S. at 695.

"The *Strickland* test has two parts:  whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation.  If we can answer 'no' to either question, then we need not address the other part of the test. . . .  Under the first part of the *Strickland* test, we consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances'. . . .  We look at counsel's challenged conduct at the time of his representation of the defendant and we avoid making

3

judgments based on hindsight." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000), quoting *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996).

In evaluating whether counsel's performance fell below an objective standard of reasonableness, the court must examine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690.

*Strickland* requires the court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Accordingly, a defendant must overcome the presumption that counsel's challenged action "might be considered sound trial strategy." *Id*.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

> defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id*.

To meet the prejudice prong of the test, the defendant must show a reasonable probability that absent his counsel's deficient conduct, the outcome of the defendant's case would have been altered. See *Mickens*, 535 U.S. at 166, *citing Strickland*, 466 U.S. at 694. "As a general matter, a defendant alleging a Sixth Amendment violation must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Mickens* at 166, *citing Strickland* at 694. More specifically, "[t]o show prejudice, [the defendant] must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." *United States v. Robinson,* 301 F.3d 923, 925 (8th Cir. 2002). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As explained in *Strickland*, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. The ultimate focus of the *Strickland* inquiry is always on the "fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

**Analysis**

The United States Constitution states, "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." *U.S. Const. amend. V.* Olivo alleges that being convicted of the same offense twice violates the Double Jeopardy Clause. Further, Olivo claims his attorney, John Vanderslice ("Vanderslice"), violated his right to

5

effective assistance of counsel when Vanderslice advised Olivo to plead guilty to both charges. (Filing No. 92 at 5 in 8:05CR149 and Filing No. 25 at 5 in 8:06CR239). These claims are without merit.

The Double Jeopardy Clause does not apply to Olivo's situation. Olivo, a felon, pled guilty to possessing firearms on two separate occasions: February 22, 2005, and May 24, 2006. The indictment in 8:05CR149 stated that on February 22, 2005, Olivo possessed a Bryco Arms pistol with the serial number 1337327. (Filing No. 1 in 8:05CR149.) The indictment in 8:06CR239 stated that on May 24, 2006, Olivo possessed a High Point 9mm rifle with the serial number B82601. (Filing No. 1 in 8:06CR239.) Because Olivo committed two separate crimes on different dates with different weapons, Olivo was not convicted of the same offense twice. Clearly, Olivo's claim is without merit. Thus, Vanderslice's advice to Olivo to plead guilty does not constitute ineffective assistance of counsel.

For the above reasons, Olivo's claim for ineffective assistance of counsel is without merit. There is no legal reason for this court to order an evidentiary hearing, and Olivo's § 2255 motion will be dismissed.

THEREFORE, IT IS ORDERED that Olivo's § 2255 motion, Filing No. 91 in 8:05CR149 and Filing No. 24 in 8:06CR239, is denied.

DATED this 11th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge